UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 0 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Habtamu Daniel,**

   **Plaintiff,**

   v.

**Baltimore Homeland Security,**
**Office of Detention and Removal,**

   **Defendant.**

Civil Action No. 10 0614

## MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed without prepayment of fees. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction.

In his complaint, the plaintiff alleges that the defendant "prevented my family from coming to the United States in the year 2000 from [K]enya. The agency also imprisoned my brother, . . . who came to support me and they deported him without any reason although he was here illegally. . . . I want [my brother] to come here . . . . The responsible person . . . [who] works as a judge in [the B]altimore immigration office . . . denied his case . . . after allowing him to reappeal to the appeals court. I want the court to help me bring my brother [here] and [to] bring those people to justice." Compl. at 1-2.

Putting aside the question of the plaintiff's standing to bring this case regarding the alleged exclusion of his family and deportation of his brother, this court does not have jurisdiction to review the application and enforcement of immigrations law because they present nonjusticiable political questions. "Deciding and implementing immigration policy has been textually committed to the political branches," and "independent resolution of how to enforce

immigration laws by a court would infringe upon the prerogative of both the executive and legislative branches of government." *Sadowski v. Bush*, 293 F. Supp. 2d 15, 19 (D.D.C. 2003) (citing *Baker v. Carr*, 369 U.S. 186, 217 (1962); *Padavan v. United States*, 82 F.3d 23, 27 (2d Cir. 1996); *New Jersey v. United States,* 91 F.3d 463, 470 (3d Cir. 1996). Such disputes "are beyond the jurisdictional reach" of this court, and are matters committed to executive agency discretion. *Sadowski v. Bush,* 293 F. Supp. 2d at 20 (citing 8 U.S.C. § 1103(a)(5) (which commits to the agency head "the duty to control and guard the boundaries and borders of the United States against the illegal entry of aliens").

Accordingly, the Court will dismiss the complaint for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: April 12, 2010

United States District Judge